HON. PETER A.A. BERLE Commissioner Department of Environmental Conservation
This is in response to your request, by Hon. Robert M. Hallman, Deputy Commissioner and General Counsel, for reconsideration by the Attorney General of the opinion contained in 1956 Op. Atty. Gen. 167. You indicate that the Department of Environmental Conservation wishes to renew a contract with a computer subscription fulfillment firm for its services in handling subscriptions for The New York State Conservationist and TheEnvironment. You express concern that the above-cited opinion indicates that such a contract, whereby a private company is empowered to collect and deposit State revenue, may not be made in the absence of a specific statute which permits the handling of State funds by other than State officers and employees. You further indicate the Department has been in such a contractual relationship with a computer firm since 1972.
Since the Opinion in question was issued by my predecessor in 1956, the former Conservation Law, in effect at that time, has been repealed by the Laws of 1970, chapter 140. The present Environmental Conservation Law as added by the Laws of 1972, chapter 664, is derived from the former Environmental Conservation Law, enacted by Laws of 1970, chapter 140.
Environmental Conservation Law § 3-0301(1) (v), together with § 3-0113, authorizes the Commissioner to publish The New YorkState Conservationist and The Environment. Environmental Conservation Law § 3-0113 empowers certain agents who are authorized to sell hunting, trapping and fishing licenses to sell subscriptions to The New York State Conservationist, as did the former Conservation Law § 12.
Environmental Conservation Law § 3-0301(2) (b) authorizes the Department, by and through the Commissioner, to "Enter intoContracts with any person to do all things necessary orconvenient to carry out the functions, powers and duties of the department." (Emphasis added.) At the time the 1956 Opinion was issued, the Conservation Law did not contain a similar provision.
Sections 106 and 121 (1) of the State Finance Law (cited in the 1956 Opinion) regulate the depositing of State funds in banks approved by the Comptroller and the payment of State funds to the State Treasurer.
Sections 106 of the State Finance Law provides in part:
 "* * * all moneys received by any other state officer or other person receiving moneys belonging to the state, or for which such state officer or other person may be responsible in his official capacity, * * * shall be deposited to his or its credit in such bank or trust company as shall be designated by the comptroller * * *." (Emphasis added.)
Section 121(4) of the State Finance Law provides in part:
 "Every state officer, employee, department, institution, commission, board, school and every officer, employee, department, institution, commission, board and school of a municipal subdivision of the state, and every individual, association, copartnership or corporation not otherwise specified in this section who receives or keeps account of moneys of the state or of any department or agency thereof, or moneys in which the state has an interest direct or indirect, other than moneys appropriated by law and moneys not required under existing laws to be paid into the state treasury, shall between the first and fifteenth days of each month file with the comptroller a detailed statement * * *." (Emphasis added.)
Section 106 and 121(4) of the State Finance Law specifically mention persons other than State employees as those persons who receive or keep accounts of moneys of the State. Handling of State funds by other than State employees is thus contemplated by these sections.
The requirements of §§ 106 and 121 of the State Finance Law pertaining to the time and manner of depositing and recording of State funds and the payment of State funds to the State Treasurer must be considered and provided for by the Department in the proposed contract.
In view of the foregoing, I conclude that the Department of Environmental Conservation may enter into a contract with a computer subscription fulfillment firm for its services in handling subscriptions for The New York State Conservationist
and The Environment and that such services may validly include the collection and deposit of State funds provided that statutory requirements for recording and depositing of such funds are met.